**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:04CV-00174-TBR**

SHAFI ULLAH KAHN                                                                    PETITIONER

VS.

LARRY CHANDLER, Warden                                                     RESPONDENT

## MEMORANDUM OPINION

## BACKGROUND

Petitioner, *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 with a supporting memorandum (DN 1).  The petition and supporting memorandum identify

five (5) separate grounds for relief (DN 1).

Respondent has filed an answer as well as a motion for summary judgment and

supporting memorandum in response to the petition for writ of habeas corpus (DN 15, 16).  For the

reasons set forth below, the Court concludes that an evidentiary hearing is not necessary to address

the claims asserted by petitioner.  The issues raised by the petitioner are fully developed and this

matter is ripe for determination.

## STATEMENT OF FACTS

On October 3, 1995, a Grand Jury in Daviess County, Kentucky returned a

three-count indictment against the petitioner, Shafi Ullah Khan ("Khan") (DN 17, Volume 3 at 304).

The indictment charged Khan with one count of capital murder and two counts of first degree

sodomy (DN 17, Appendix Volume 3 at 304).[1]  The sodomy counts were subsequently dismissed

(DN 17, Appendix Volume 6 at 619).  However, in April of 1997 the Grand Jury indicted Kahn for

first degree rape (DN 17, Appendix Volume 6 at 619).  The cases were consolidated and venue was

thereafter moved to Butler County (DN 17, Appendix Volume 6 at 619).

On November 25, 1998, Kahn entered a plea of guilty before the Butler Circuit Court

to the charge of capital murder (DN 17, Appendix Volume 6 at 619-620 and Volume 4 at 573, 580).

Additionally, Kahn entered an Alford plea to the charge of rape in the first degree because he denied

having committed the rape but conceded there was substantial evidence against him sufficient to

convince a jury he was guilty of the charge (DN 17, Appendix Volume 6 at 620 and Volume 4 at

573-580).  After conducting the necessary colloquy set forth in Boykin v. Alabama, 395 U.S. 238

(1969), the trial court concluded that Kahn knowingly and voluntarily entered his pleas to the

charges (DN 17, Appendix Volume 6 at 620 and Volume 4 at 579-580).  The trial court then found

Kahn guilty of murder and first degree rape (DN 17, Appendix Volume 4 at 579-580).  The trial

court noted, pursuant to the plea agreement, the Commonwealth recommended a sentence of life

without eligibility for parole until Kahn served a minimum of twenty-five years for the capital

murder conviction and for the conviction of first degree rape, a sentence of life imprisonment to run

concurrently with the first sentence (DN 17, Appendix Volume 4 at 580).

On December 29, 1998, the date scheduled for sentencing, Kahn moved to withdraw

his plea of guilty because he felt "cornered" into pleading guilty by his family and that entry of the

plea was against his religion (DN 17, Appendix Volume 6 at 620).  Additionally, Kahn argued he

---

[1]One of the Volumes of the State court record is labeled "Appendix of State Court Briefs and Opinions."  For clarity of citation to the State court record this volume has been labeled "Volume 6" in red ink and will be identified as such in this memorandum opinion.

was depressed when he entered his plea (DN 17, Appendix Volume 6 at 620). The trial court denied

the motion to withdraw the plea, noting that it had paid particular attention to Kahn's demeanor in

more than a "pro forma" manner at the time Kahn entered his plea (DN 17, Appendix Volume 6 at

620). The trial court then sentenced Kahn in accordance with the terms of the plea agreement (DN

17, Appendix Volume 6 at 620).

Kahn appealed the trial court's order overruling his motion to withdraw his guilty

plea (DN 17, Appendix Volume 5 at 606, 611). On direct appeal Kahn argued that the trial court

abused its discretion in denying the motion to withdraw his guilty plea (DN 17, Volume 6 at 627-

629). Kahn argued he was suffering from a mental illness that affected his decision to plead guilty

and the trial court should have unsealed a report prepared by the Kentucky Correctional Psychiatric

Center, dated June 22, 1998, or ordered a new evaluation to determine whether his claim was valid

(DN 17, Appendix Volume 6 at 627-628).

The Supreme Court of Kentucky noted permission to withdraw a guilty plea and

substitute a plea of not guilty is within the sound discretion of the trial court (DN 17, Appendix

Volume 6 at 620-621). In contrast to the evidence showing Kahn fully understood the significance

of a guilty plea and that his plea was voluntary, Kahn's subsequent motion set forth the bare

assertions of family influence and mental illness (DN 17, Appendix Volume 6 at 621). For this

reason, the Supreme Court of Kentucky found the trial court did not abuse its discretion and it

affirmed the judgment and sentence of the Butler Circuit Court (DN 17, Appendix Volume 6 at 621).

Subsequently, Kahn filed with the trial court a motion for post-conviction relief

pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure (DN 17, Appendix Volume I

at 732-739).[2]  Kahn set forth three separate claims for relief (DN 17, Appendix Volume I at 718-728).  His first and second claims challenged the voluntariness of his pleas to the charges of capital murder and first degree rape on the grounds there was insufficient evidence to satisfy the elements of both crimes (DN 17, Appendix Volume I at 718-722).  Kahn's third claim alleged he received ineffective assistance because counsel allowed him to enter pleas to these charges when there was insufficient evidence to support the convictions (DN 17, Appendix Volume I at 722-728).  In the third claim Kahn also argued he received ineffective assistance because trial counsel erroneously advised that he could receive a death sentence if convicted of the capital murder charge (DN 17, Appendix Volume I at 723-726).  The trial court overruled Kahn's Rule 11.42 motion, his motion for an evidentiary hearing, and his motion for appointment of counsel (DN 17, Appendix Volume I at 750).  Kahn timely filed an appeal.

On appeal Kahn again argued that he received ineffective assistance because trial counsel allowed him to enter pleas to capital murder and first degree rape charges despite there being insufficient evidence to support convictions on these charges (DN 17, Appendix Volume 6at 658-663).  Kahn reasoned since there was only evidence of anal penetration by a foreign object he could not be found guilty of first degree rape and since first degree rape was the only aggravating circumstance in the case there was insufficient evidence to support a capital murder conviction and a sentence of life without parole for twenty-five years (DN 17, Appendix Volume 6 at 659-660).  However, his argument was premised on the statutory definition of "sexual intercourse" that came into effect one and a half years after he entered his pleas (DN 17, Appendix Volume 6 at 647).  On appeal Kahn also argued the trial court should have conducted an evidentiary hearing and appointed

_____

[2]The State court record includes volumes labeled Volume I and Volume 1.

4

counsel to represent him (DN 17, Appendix Volume 6 at 663-668).

The Kentucky Court of Appeals found counsel's performance was not objectively unreasonable (DN 17, Appendix Volume 6 at 646-649). It noted the statutory definition of "sexual intercourse" in effect at all times during the proceedings against Kahn included anal penetration by a foreign object manipulated by another person and that the evidence was sufficient to show Kahn committed murder in the course of committing rape (DN 17, Appendix Volume 6 at 646-649). The Kentucky Court of Appeals also found counsel's performance was not objectively unreasonable because Kahn was facing the death penalty and counsel secured a lesser sentence through the plea bargain (DN 17, Appendix Volume 6 at 649). In sum, the Kentucky Court of Appeals determined Kahn did not satisfy the first prong of the two part test in Strickland v.Washington, 466 U.S. 668 (1984) (DN 17, Appendix Volume 6 at 646-649).

The Kentucky Court of Appeals found there was no need for an evidentiary hearing because the evidence in the record was adequate to address Kahn's claim of ineffective assistance of counsel (DN 17, Appendix Volume 6 at 649-650). The Kentucky Court of Appeals found no need to appoint counsel because an evidentiary hearing was not required to address Kahn's claims (DN 17, Appendix Volume 6 at 650). The Supreme Court of Kentucky subsequently denied Kahn's motion for discretionary review.

CONCLUSIONS OF LAW

Since Kahn filed his petition for writ of habeas corpus on October 5, 2004 (DN 1), review of the State court decisions regarding his claims is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996)

("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 336 (1997).  As to each claim made by Kahn, the

Court must first determine whether a constitutional right has been violated.  Williams v. Taylor, 529

U.S. 362, 367 (2000).  If the answer is in the affirmative and the State court adjudicated the claims

on their merits, then this Court must employ the standard of review set forth in 28 U.S.C. § 2254(d)

to determine whether to grant the petition for writ of habeas corpus.  Williams, 529 U.S. at 367, 402-

403, 412-413.  As amended, by Chapter 153 of AEDPA, § 2254(d) provides as follows:

> "An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim--
>
> (1) Resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established federal law, as determined
> by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable
> determination of facts in light of the evidence presented in the State court
> proceeding."

Under the "contrary to" clause of § 2254(d)(1), the Court may grant the writ if "the

state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] ... on a question

of law or if the state court decides a case differently than ...[the Supreme Court] ... has on a set of

materially indistinguishable facts."  Williams, 529 U.S. at 412-413.  Under the "unreasonable

application" clause of § 2254(d)(1), the Court may grant the writ if  "the state court identifies the

correct governing principle from ... [the Supreme Court's] ... decisions but unreasonably applies that

principle to the facts of the prisoner's case."  Id. at 413.  To meet this standard the State court's

application of clearly established federal law must be more than incorrect, it must be objectively

unreasonable.  Id. at 409-411.  In sum, § 2254(d), as amended by Chapter 153 of AEDPA, places

a new constraint on the power of the Court to grant a petition for writ of habeas corpus as to

constitutional claims adjudicated on the merits in the state courts.  Williams, 529 U.S. at 412.

A

Ground 1 identifies three instances of ineffective assistance by trial counsel that Kahn believes rise to the level of a violation of his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution (DN 1, Memorandum at 5-15).  In Ground 4 Kahn argues State court adjudication of these constitutional claims has resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States (DN 1, Memorandum at 19-20).  In Ground 5 Kahn asserts State court adjudication of these constitutional claims has resulted in a decision that was based on an unreasonable determination of facts in light of evidence presented in the State court proceedings (DN 1, Memorandum at 20-21).

The first claim in Ground 1 asserts that trial counsel failed to advise Kahn of his right under the Vienna Convention to contact the Pakistan Consul and request legal assistance (DN 1, Memorandum at 6-10).  Kahn argues this omission amounts to ineffective assistance of counsel of constitutional magnitude (DN 1, Memorandum at 6-10).  Respondent argues federal review of this claim is barred because Kahn procedurally defaulted it in the State courts and has failed to show "cause" and "prejudice" to excuse his procedural default (DN 16, Memorandum at 4).

If a habeas petitioner fails to comply with a State procedural rule and that failure provides adequate and independent grounds for the State's denial of relief, then federal review is barred absent a showing of "cause" and "prejudice."  Harris v. Reed, 489 U.S. 255, 262-264 (1989); Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72, 78-79 (1997).  Here,

Kahn did not present his first claim of ineffective assistance of counsel to the trial court or to the Kentucky Court of Appeals (DN 17, Appendix Volume I at 718-728 and Volume 6 at 658-668). Now he is procedurally barred from presenting this claim in the State courts. Ky.R.Crim.P. 11.42(3); Gross v. Commonwealth, 648 S.W.2d 853, 857 (Ky. 1983). Further, Kahn has made no effort to demonstrate "cause" and "prejudice" to excuse his procedural default in the State courts. Since Kahn's procedural default provides adequate and independent grounds for the State's denial of relief, and he has failed to show "cause" and "prejudice" to excuse his procedural default, federal review of this claim of ineffective assistance of counsel is barred. Reed v. Farley, 512 U.S. 339, 353-355 (1994).

Notably, if Kahn had satisfied the above requirements to excuse his procedural default, he would still not be entitled to relief on this claim. Kahn cannot show there is a "reasonable probability" that, but for counsel's failure to advise Kahn of his right under the Vienna Convention to contact the Pakistan Consul and request legal assistance, the result of the criminal proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).

In Slack v. McDaniel, the Supreme Court established a two prong test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. 529 U.S. 473, 484-485 (2000). To satisfy the first prong of the test, Kahn must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. To satisfy the second prong, Kahn must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two prong inquiry in the order identified, or even address both parts, if Kahn makes an insufficient showing on one part. Id. at 484. For example, if the Court

determines Kahn failed to satisfy the procedural prong, then it need not determine whether the constitutional prong is satisfied. Id.

For the reasons set forth above, a plain procedural bar is present and jurists of reason would not find it debatable whether Kahn procedurally defaulted this claim in the State courts. Id. at 484-485. Further, jurists of reason would not find it debatable whether Kahn showed "cause" and "prejudice" to excuse his procedural default in the State courts. For these reasons, a Certificate of Appealability will be denied as to the claim that counsel's failure to advise Kahn of his rights under the Vienna Convention amounts to ineffective assistance of counsel.

B

The second claim in Ground 1 alleges counsel's failure to advise Kahn that a conviction would result in his deportation amounts to ineffective assistance (DN 1, Memorandum at 10). Respondent argues federal review of this claim is barred because Kahn procedurally defaulted it in the State courts and has not shown "cause" and "prejudice" to excuse his procedural default (DN 16 at 4).

Kahn did not raise this claim of ineffective assistance of counsel in his Rule 11.42 motion or in his collateral attack brief to the Kentucky Court of Appeals (DN 17, Appendix Volume I at 718-728 and Volume 6 at 658-668). Kahn is now procedurally barred from returning to the State courts and attempting to raise this claim before the trial court and the Kentucky Court of Appeals. Ky.R.Crim.P. 11.42(3); Gross, 648 S.W.2d at 857. Further, Kahn has not demonstrated "cause" and "prejudice" to excuse his procedural default in the State courts (DN 1). Since his procedural default provides adequate and independent grounds for the State's denial of relief and he has failed to show

"cause" and "prejudice" to excuse his procedural default, federal review of this claim is barred. Reed, 512 U.S. at 353-355; Teague v. Lane, 489 U.S. 288, 297-299 (1989).

Notably, if Kahn satisfied the above requirements to excuse his procedural default he would not be entitled to relief on this claim. The Sixth Circuit has held since potential deportation is a collateral consequence to a guilty plea, the fact that a defendant is unaware of the deportation consequences of his plea does not make his plea unknowing or involuntary. El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir. 2002). Additionally, several federal circuits have held the failure to advise about the potential deportation consequences of entering a plea is not ineffective assistance by counsel because deportation is a collateral consequence to a guilty plea. United States v. Fry, 322 F.3d 1198, 1200 (9th Cir. 2003); United States v. Gonzalez, 202 F.3d, 20, 25, 27 (1st Cir. 2000); United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989); United States v. Campbell, 778 F.2d 764, 768-769 (11th Cir. 1985); United States v. Santelises, 509 F.2d 703, 704 (2d Cir. 1975). Thus, Kahn cannot satisfy the performance prong under Strickland. 466 U.S. at 688-689.

For the reasons set forth above, a plain procedural bar is present and jurists of reason would not find it debatable whether Kahn procedurally defaulted this claim of ineffective assistance of counsel in the State courts. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). Further, jurists of reason would not find it debatable whether Kahn has failed to show "cause" and "prejudice" to excuse his procedural default. Id. For these reasons, a Certificate of Appealability will not be granted as to Kahn's claim that he received ineffective assistance of counsel because trial counsel failed to inform him that a conviction could result in his deportation.

C

The third claim in Ground 1 alleges Kahn's pleas were involuntary due to ineffective assistance of counsel during the plea bargaining process (DN 1, Memorandum at 12-15). Kahn argues since the definition of "sexual intercourse" does not include anal penetration the Commonwealth did not have the evidence to convict him of the crime of rape in the first degree (DN 1, Memorandum at 12-15). Kahn asserts since he could not have been convicted of first degree rape, that charge could not have been used as an aggravating circumstance to support a capital murder conviction (DN 1, Memorandum at 12-15). In essence, Kahn argues trial counsel should have advised against entering pleas to the charges in the indictment because the Commonwealth did not have the evidence necessary to obtain a first degree rape conviction and a capital murder conviction (DN 1, Memorandum at 14). Kahn claims there is a reasonable probability that but for counsel's error he would not have pled guilty and would have insisted on going to trial (DN 1, Memorandum at 14-15).

In Strickland v. Washington, the Supreme Court established a two-prong test that is used to determine whether a defendant has been deprived of a fair trial as a result of errors by counsel. 466 U.S. 668, 687 (1984). To satisfy the first prong of the test, a defendant must demonstrate that counsel's "representation fell below an objective standard of reasonableness." Id. at 687, 688. In assessing counsel's performance the Court must be highly deferential because it "is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. For this reason, the Court must make every effort to eliminate the distorting effects of hindsight and

evaluate the conduct from counsel's perspective at the time it occurred. Id. at 689-690. Due to the "difficulties inherent in making the evaluation," the Court must indulge a strong presumption that counsel's "conduct falls within the wide range of reasonable professional assistance." Id. at 689. Thus, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citation omitted). In summary, a defendant must identify the acts or omissions he alleges are not the result of reasonable professional judgment and the Court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance." Id. at 690.

To satisfy the second prong of the Strickland test, a defendant must demonstrate he has been prejudiced by the alleged deficient performance. Id. at 687. To do so, a defendant must show that there is a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.

The Court need not conduct the two-prong inquiry in the order identified or even address both parts if a defendant makes an insufficient showing on one part. Id. at 697. For example, if the Court determines a defendant failed to satisfy the prejudice prong then it need not determine whether counsel's performance was deficient. Id.

The Supreme Court has indicated that the first prong of the Strickland test should be applied when a defendant alleges his decision to accept a plea offer was a product of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). However, to establish prejudice the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

12

The key to assessing counsel's performance is the wording of the statute in effect in 1995, when the crimes occurred, not the wording in the 2000 amendment to the statute.  In 1995 "sexual intercourse" included penetration of the anus "by a foreign object manipulated by another person."  KRS 510.010(8).  Thus, the Commonwealth had the evidence to show Kahn committed murder in the course of committing rape.  For this reason, advising Kahn to plead guilty in order to avoid the death penalty was objectively reasonable representation.  Strickland, 466 U.S. at 687-688.  Clearly, Kahn has failed to satisfy the performance prong under Strickland.  Id. at 687-690.  Since Kahn failed to satisfy the performance prong this Court need not determine whether he has satisfied the prejudice prong.  Id. at 697.  In sum, since Kahn has not satisfied the first prong under Strickland, a constitutional right has not been violated.

Since Kahn has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary for this Court to employ the standard of review set forth in 28 U.S.C. § 2254(d).  Williams v. Taylor, 529 U.S. 362, 367, 402-403, 412-413 (2000).  Notwithstanding, the rule set forth in Strickland "qualifies as 'clearly established Federal law as determined by the Supreme Court of the United States.'"  Williams, 529 U.S. at 391 (quoting § 2254(d)(1)).  The Kentucky Court of Appeals concluded that Kahn did not satisfy the performance prong of the Strickland test because Kahn mistakenly relied on the definition of "sexual intercourse" in the 2000 amendment to KRS 510.010(8) (DN 17, Appendix Volume 6 at 645-649).  Clearly adjudication of this claim by the Kentucky Court of Appeals has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rule set forth in Strickland.  Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)).  Nor has the Kentucky Court of Appeals made an unreasonable determination of the facts in light of the evidence presented during the State court proceedings.  28

13

U.S.C. § 2254(d)(2).  In sum, under the standard of review set forth in § 2254(d), Kahn is not

entitled to a writ on this claim.

For the reasons set forth above, jurists of reason would not find it debatable whether

Kahn has stated a valid claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S.

473, 484 (2000).  Thus, a Certificate of Appealability as to this claim of ineffective assistance of

counsel will be denied.


D

In Ground 2 Kahn alleges his Sixth and Fourteenth Amendment rights under the

United States Constitution were violated when the trial court failed to conduct an evidentiary hearing

on his claim of ineffective assistance of counsel (DN 1 at 15-18).  In Ground 3 Kahn alleges his

Sixth and Fourteen Amendment rights under the United States Constitution were violated when the

trial court overruled his motion for appointment of counsel (DN 1, Memorandum at 18-19).

Respondent argues there is no right to counsel on collateral attack and under Kentucky law it was

appropriate for the trial court to summarily deny Kahn's Rule 11.42 motion (DN 15, 16).

In Ground 2 Kahn alleges he was denied due process in the State post-conviction

proceedings.  A petition for writ of habeas corpus is not used to challenge errors or deficiencies in

State post-conviction proceedings because such claims are collateral to whether Kahn "is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Kirby

v. Dutton, 794 F.2d 245, 246-248 (6th Cir. 1986).  In sum, the claim in Ground 2 is not cognizable

in federal habeas corpus proceedings.  Kirby, 794 F.2d at 246-248.

In Ground 3 Kahn complains he was denied due process when the Kentucky trial

court failed to appoint counsel.  However, the Supreme Court has explicitly held there is no underlying constitutional right to appointed counsel in State post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).  In sum, the claim in Ground 3 is not cognizable in federal habeas corpus proceedings.

For the reasons set forth above, jurists of reason would not find it debatable whether Grounds 2 and 3 state valid claims of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, a Certificate of Appealability will be denied as to Grounds 2 and 3.

For the foregoing reasons, the Court will in a separate order deny Kahn's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Further, that separate order will deny a Certificate of Appealability as to each claim asserted in Kahn's petition for writ of habeas corpus.

Copies:        Petitioner, *pro se*
               Counsel of Record